General Complaint

RECEIVED

APR 2 2019

Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

Vivian Dansby

_____

Case Number : _____

_____
List the full name of each plaintiff in this action.

VS.

Heaslet Equipment & Trucking

Phillip Townsend

_____
List the full name of each defendant in this action.
Do not use "et al".

Attach additional pages if necessary.

I.      ATTEMPT TO SECURE COUNSEL:

        Please answer the following concerning your attempt to secure counsel.

        A.      In the preparation of this suit, I have attempted to secure the aid of an
                attorney as follows: (circle one)

                1.      Employ Counsel
                2.      Court - Appointed Counsel
                3.      Lawyer Referral Service of the State Bar of Texas,
                        P. O. Box 12487, Austin, Texas 78711.

        B.      List the name(s) and address(es) of the attorney(s):

                Zehl & Associates, PC   2700 Post Oak Blvd, Suite 1120

                Houston, Texas 77056

                Eric Cooper Law firm  501 N Third st, Longview, TX 75606

C. Results of the conference with counsel:

_Unable to represent, encouraged to seek further._

II. List previous lawsuits:

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action or any other incidents? \_\_\_\_\_Yes X\_\_ No

B. If your answer to "A" is "yes",  describe the lawsuit in the space below. If there is more than one lawsuit, attach a separate piece of paper describing each.

 1. Approximate file date of lawsuit: \_\_\_N/A_____

 2. Parties to previous lawsuit(s):

 Plaintiff _____N/A_____

 Defendant_____N/A_____

Attach a separate piece of paper for additional plaintiffs or defendants.

 3. Identify the court the lawsuit was filed. If federal, name the district.  If state, name the county.

 _____N/A_____

 4. Docket number in other court. \_\_\_\_N/A_____

 5. Name of judge to whom the case was assigned.
 _____N/A_____

 6. Disposition: Was the case dismissed, appealed or still pending?

 _____N/A_____

 7. Approximate date of disposition. \_\_\_N/A_____

III.   Parties to this suit:

A.   List the full name and address of each plaintiff:

Pla #1 _Vivian   Denise   Dansby_

_108 Poplar st   Junction City, AR 71749_

Pla #2 _____

B.   List the full name of each defendant, their official position, place of employment and full mailing address.

Dft #1: _Heaslet Equipment & Trucking LTD_

_1625 Houston Rd   Borleson, TX 76028_

Dft #2: _Phillip Townsend_

_1300 Becky Bossier City, LA 71111_

Dft #3 _N/A_

Attach a separate sheet for additional parties.

IV:     Statement of Claim:

State as briefly as possible the fact of your case.  Describe how each defendant is
involved.  Include the names of other persons involved with dates and places.  Do not
give any legal arguments or cite cases or statutes.  If you intend to allege a number of
related claims, number and set forth each claim in a separate paragraph.  Use as much
space as you need, attaching additional pages if necessary.

On April 12th 2017 I was traveling on
I-20 in Harrison County headed to Dallas, TX before
I was violently struck in the rear by Heaslet Equipment & Trucking
Semi driven by Phillip Townsend, as an employee.
See attached pages.

1. **Discovery Control Plan**

1.1 Plaintiff respectfully request a Level 3 discovery plan.

2. **Parties**

2.1 Plaintiff whom was injured and suffered loss in Harrison County is a resident of Union County, Arkansas

2.2 Defendant(s) is a Texas Limited Liability Company:

Heaslet Equipment & Trucking is purportedly duly organized under the laws of Texas and may be served with process by serving its registered agent or managing partners at the companies registered address 1625 Houston Rd Burleson, Tx 76028.

**Foreign Individual Defendant: Long Arm Statute Service**

Phillip Townsend is a nonresident who engages in business in Texas. This defendant does not maintain a regular place of business in Texas or a designated agent for service of process.

3. **Facts**

3.1 On April 12th, 2017 Vivian was operating her vehicle west bound on I-20 around or about mile marker 612 in Harrison County, Texas.

3.2 My car was violently struck in the in rear by Heaslet Equipment & Trucking owned Semi truck driven my Phillip Townsend

4. **Cause of Action and Venue**

4.1  This suit is brought in accordance with the laws of the State of Texas for recovery of damages which are in excess of the minimal jurisdictional limits of this Court, to which Plaintiff is entitled to receive as compensation for the injuries described below.

4.2  The automobile collision occurred, and the cause of action arose in Harrison County, Texas.

4.3  Accordingly, the Court has jurisdiction over this matter and Venue is proper in the United States District Courts.

## 5.  Cause of Action Against Defendant(s) Heaslet Equipment & Trucking, Phillip Townsend.

5.1  Plaintiff Vivian Dansby alleges that Defendants Heaslet Equipment & Trucking, Phillip Townsend was negligent, and the defendant's negligence proximately caused the incident where the plaintiff sustained personal injuries, property damage and lifelong loss. Plaintiff's damages are in excess of the court's minimum jurisdictional limits.

5.2  Defendants were negligent as follows:

a.   In driving a motor vehicle at an excessive rate of speed or traveling at a greater rate of speed of than a person or ordinary prudence under the same or similar circumstances,

b.   In recklessly driving a vehicle in willful or wanton disregard for the safety of persons or property. Such act constitutes negligence per se, as well a gross negligence;

c.   Failing to properly and timely apply the brakes,

d.   Failing to yield to right away

e.   Failing to keep a proper look out,

f.    In failing to pay attention when operating a commercial vehicle on our state's public highways.

g.    Failure to maintain adequate distance / following to close.

6.    **Alternative claims**

Course and Scope of Employment:

6.1 On April 12th, 2017 which is the date of the incident which injured the Plaintiff,

Phillip Townsend as defendant was acting in the course and scope of his employment and/or agent or servant for and behalf of Heaslet Equipment & Trucking.

Accordingly, Heaslet Equipment & Trucking is liable for Phillip Townsends actions and Plaintiffs.

**Gross Negligence:**

6.2 At the time of the incident complained of herein, Defendants, Heaslet Equipment & Trucking, Phillip Townsends acts were gross negligence.

a.    In willfully and wantonly operating the commercial vehicle at an excessive rate of speed or traveling at a regular at a greater of speed than a person of ordinary prudence under the same or similar circumstances, without regard for the rights and safety of others.;

b.    Furthermore Defendant, Phillip Townsend in willfully and intentionally operated a commercial semi-truck owned by Defendant, Heaslet Equipment & Trucking dangerously and carelessly through construction zones at excessive and aggressive rates.

c.    In willfully and wantonly ignored and blatantly disregarded warnings of Construction zone, reduced speed limit, several lane merger/ closure indicators. Willfully and negligently disregarding safety.

1.    In willfully and wantonly failing to maintain proper control of the commercial vehicle, without regard for the rights and safety of others;

2.    In willfully and wantonly following too closely, without regard for rights and safety for others.

3.    In recklessly driving a commercial semi-truck in willful or wanton disregard for the safety of persons or property.

4.    In willfully and maliciously disregarded for life after slamming into the Plaintiff twice then entrapping her under the trailer dragging her over 200 feet. Defendant, Phillip Townsend remained in his truck seemingly unharmed while the Plaintiff clung for dear life barely escaping with enough strength and concern to check on him.

5.    Defendant, Heaslet Equipment & Trucking by willfully and negligently maintaining culturally at-risk drivers previously identified by driver actions and attitudes.

Plaintiff would show that Defendants conduct constitutes a reckless disregard for the rights of others and was the result of conscious indifference to the rights, welfare and safety of others. Accordingly, Heaslet Equipment & Trucking was grossly negligent and such gross negligence was a proximate cause of Vivian's damages. Plaintiff is therefore entitled to recover punitive damages from Defendants in the amount of $500,000.

**Pleading for Negligent of Entrustment**

Plaintiff will show that at the time of the incident made the basis of this suit, Phillip Townsend was driving a motor vehicle owned by Heaslet Equipment & Trucking, that said the defendant knew or had reason to know that Phillip Townsend, with operation of a motor vehicle was negligent.

Plaintiff would further show Heaslet Equipment & Trucking, knew or should have known that Phillip Townsend was not a prudent driver; and that by giving permission to him to operate the vehicle, constitutes negligent entrustment of a motor vehicle, and that such entrustment constitutes not only negligence but negligence per se.

Plaintiff would further show that Phillip Townsend proximately caused the collision in which Plaintiff sustained her injuries.

**Insured motorist**

At the time, Defendant was insured by Hallmark County Mutual Insurance

Plaintiff has timely and properly notified Hallmark County Mutual Insurance and Phillip Townsend of the collision.

Plaintiff has fully complied with all the conditions of the insurance policy prior to filing this suit. Accordingly, all conditions precedent has been performed.

Plaintiff has also presented her claim to Hallmark County Mutual Insurance more than thirty days prior to filing this petition. Hallmark County Mutual Insurance has failed and refused, and still fails and refuses to pay Plaintiff benefits under then the defendant's policy as Hallmark County Mutual Insurance is contractually and legally obligated to do.

Plaintiff therefore sues for the Insured motorist benefits, reasonable fee's and prejudgment interest.

## 7.   Personal Injuries

7.1  Plaintiff, Vivian Dansby alleges that as a direct and proximate result of the negligent conduct of the Defendants, she has suffered and is suffering from life threating conditions and severe bodily injuries including but not limited to; Traumatic Brain Injury, Severe Never damage, Shoulder, arm and hand impairment, confusion, convulsions, memory loss, impaired language skills, disorders with taste and smell.

7.2  In connections with such injuries, Plaintiff has suffered severe physical pain and mental anguish in the past and is suffering at the present, and in all reasonable probability will continue to suffer for the rest of her life.

7.3  Plaintiff has necessarily incurred reasonable medical expenses in the past in the proper diagnosis, care and treatment of her injuries. The injuries are such that, in reasonable probability she will necessarily continue to incur reasonable medical expenses in the future for the proper care and treatment of the injuries.

7.4  Plaintiff has sustained significant physical pain, unbearable mental anguish, physical impairment and disfigurement in the past, and will, in reasonable probability, sustain such for the rest of her life. Will suffer a loss of any wage-earning potential in the future.

7.5  Plaintiff would further show that her damages greatly exceed the sum of $500,000 and the same would reasonably compensate her for her damages including but not limited to past, present and future: medical expenses, pain and suffering, physical disability and impairment, disfigurement, loss of enjoyment of life and mental anguish.

7.6  Plaintiff further sues for pre-judgement interest for the time period and amount allowed by law from the date of the accident until the day of judgment.

7.7  As a result of the above -pled cause of action and facts and as a consequence of the injuries described above, Plaintiff, Vivian Dansby is entitled to loss of consortium and loss of service of grandson due to the physical injuries and physical impairments. Plaintiff would show that $500,000 would reasonably compensate she for these damages.

## 8.   Medical Expenses

8.1  Plaintiff would show that as a direct and proximate result of the above-mentioned injuries she has been caused to incur doctor bills, hospital bills, and other medical expenses in the past, is incurring the same at the present time and will, in all reasonable probability, continue to incur the same in the future.

8.2  Plaintiff expects her medical expenses to exceed $500,000

a.    These expenses were incurred for necessary care and treatment of the injuries resulting from the accident complained of.

b.    They are reasonable and were the usual and customary charges made for services of the same kind in Harrison County, Texas.

c.    On this item of damage, Plaintiff further sues for pre-judgement interest for a period of six months from the date of the accident until the day of judgement.

8.3 Plaintiff will also incur future medical expenses.

## 9. **Lost Wages**

9.1 Plaintiff would also show that as a direct and proximate result of the above-mentioned injuries, she has lost her earning capacity.

9.2 It is reasonably probable that Plaintiffs physical and mental impairment resulting from the foregoing injuries is of a lasting nature and that her earning capacity will be diminished for the balance of her life. Plaintiff would show that $500,000 would reasonably compensate her for such damages.

The aforementioned acts and omissions with constitute negligence and negligence per se were the proximate cause of serious bodily injuries and damages to the Plaintiff, Vivian Dansby. By and through such acts and/or omissions of said Defendant Heaslet Equipment & Trucking, Phillip Townsend. Plaintiff, Vivian Dansby has been made to suffer damages in many respects, including but not limited to the following particulars, to wit:

a.    Plaintiff, Vivian Dansby suffered extreme pain, suffering and mental anguish in the past and present, and will in all likelihood continue to suffer such pain, suffering and mental anguish in the future.

b.    Plaintiff, Vivian Dansby has incurred extensive medical expenses, in the past and in the present, and in all likelihood will continue to incur extensive medical expenses in the future;

c.    Plaintiff, Vivian Dansby has suffered loss of physical and mental capacity, other than wage earning capacity, in the past and present and will in all likelihood continue to suffer such loss of physical and mental capacity, other than wage earning capacity, in the future;

d.    Plaintiff, Vivian Dansby has suffered physical and mental impairment and/or disfigurement, in the past and present, and will in all likelihood continue to suffer such loss of physical and mental impairment in the future.

e.   Plaintiff, Vivian Dansby will suffer loss of any earing capacity in the future.

In addition, if it be shown that Plaintiff, Vivian Dansby suffered from some preexisting injury, disease and/or condition, then such was aggravated and exacerbated as a proximate result of the occurrence make the basis of this suit. Further, at the time there were injuries, Plaintiffs, Vivian Dansby was an active female of the 53 years old.

Defendants are hereby given notice that upon trail of this cause, expert testimony and/or a certified copy of the appropriate documents indicating Plaintiffs life expectancy will be introduced into evidence at the time of trial of this cause.

Plaintiff, Vivian Dansby respectfully asserts her request that she be allowed to have her elements of damages considered separately and individually in compensating Plaintiffs, Vivian Dansby for her losses, injuries damages incurred, damaged to be incurred; and that each element of said damages be considered separately and individually, segregating past and future losses, so that the pre-judgements interest due said Plaintiff may be computed as determined and allowed under the laws of the State of Texas.

Plaintiff would show that as a direct and proximate result of the aforementioned acts and omissions of the Defendants acting jointly and severally, which constitute negligence, negligence per se, and gross negligence, Plaintiff has been severely damaged in an amount excess of the minimum jurisdiction of said Court.

Further, Plaintiff has demonstrated the acts and/or omissions of Defendants jointly and severally, constitute gross negligence. Accordingly, Plaintiff seeks exemplary damages from Defendants jointly and severally in the amount in excess of the minimum jurisdiction of said Court.

Prayer

Plaintiff, prays that the Defendants be duly cited to appear and answer herein and that upon final trial hereof; Plaintiff have judgement against the Defendants, jointly and severally for the full amount of their damages actual and exemplary damages, with interest thereon at the maximum legal rate, both pre-judgment and post judgment, the Plaintiff have an recover cost of Courts against the Defendants and that Plaintiff have and receive such relief, such other relief, general and specific, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

Vivian Dansby

108 Poplar st Junction City, AR 71749

870-315-2118

V.     Relief: State Briefly exactly what you want the court to do for you.  Make no legal
       arguments and do not cite cases or statutes.  Attach additional pages if necessary.

_In connection with my injuries and reasonable medical_
_expenses I will incur over the span of my life due to this_
_negligence we pray the defendants be duly cited to appear_
_and answer herein and that upon final trial thereof,_
_have judgement against Heaslet Equipment & Trucking and Phillip Townsend,_
_for the full amount of their damages actual and exemplary,_
_to which I am justly entitled to Respectfully._

Signed this _26th_ _____ day of _____March_____, 20 _19_____.
                                                          (Month)                              (Year)

I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on: ___3/26/2019_____
                              Date

_____

_____
                 Signature of each plaintiff